UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 1:21-cr-00078-LEW |
| | ) | |
| DAVID PHILLIPS | ) | |

**PRELIMINARY ORDER OF FORFEITURE**
Fed.R.Crim.P. 32.2(b)

**IT IS HEREBY ORDERED THAT**:

1. As the result of the defendant's guilty plea to Count One of the Information charging a violation of 18 U.S.C. § 922(g)(1), and for which the United States sought forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendant shall forfeit to the United States the following: any firearms and ammunition involved in the commission of the offense, including, but not limited to the following:

   1) 1 Unknown manufacturer homemade frame, AK-47 type, 7.62X39 caliber machine gun with no serial number;

   2) 1 Unknown manufacturer homemade frame, AR-15 type, 5.56 caliber rifle with no serial number;

   3) 1 Unknown manufacturer homemade frame, Glock 22 parts, .40 caliber handgun with no serial number on the frame/receiver;

   4) 30 rounds of 7.62X39mm caliber ammunition;

   5) 30 rounds of .223 caliber ammunition; and

   6) 16 rounds of .40 caliber ammunition

("the Property").

2

2. The Court has determined, based on the defendant's plea and evidence already in the record that the defendant has an interest in the Property, that the government has established the requisite nexus between such Property and the offense and that the Property is subject to forfeiture.

3. Upon the entry of this Order, the United States is authorized to seize the Property, whether held by the defendant or by a third party and to conduct discovery proper in identifying, locating or disposing of the Property subject to forfeiture, in accordance with Fed.R.Crim.P. 32.2(b)(3).

4. Upon the entry of this Order, the United States is authorized to commence any applicable proceeding to comply with the statutes governing third-party rights, including giving notice of this Order.

5. The United States shall publish notice of the Order and its intent to dispose of the Property in such manner as the United States may direct. The United States may, to the extent practicable, provide written notice to any person known to have an alleged interest in the Property.

6. Any person, other than the defendant, asserting a legal interest in the Property may, within 30 days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his/her alleged interest in the Property.

7. Any petition filed by a third party asserting an interest in the Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Property, the time

3

and circumstances of the petitioner's acquisition of the right, title or interest in the Property and any additional facts supporting the petitioner's claim and the relief sought.

8. After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the Property, following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c) for the filing of third-party petitions.

10. Pursuant to Fed.R.Crim.P. 32.2(b)(4), the Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment.

11. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

12. The Clerk of the Court shall forward an attested copy of this Order to Acting United States Attorney Donald E. Clark, U.S. Attorney's Office, 100 Middle Street, Portland, ME 04101.

4

SO ORDERED,

DATED: December 9, 2021                /s/ Lance E. Walker
                                       United States District Judge